IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HARRY WILLIAM LOTT,**

    **Plaintiff,**

  **vs.**                                    **Civil Action 2:13-cv-1205**
                                                **Judge Marbley**
                                                **Magistrate Judge King**

**OHIO BAR ASSOCIATION,** *et al.***,**

    **Defendants.**

### ORDER AND REPORT AND RECOMMENDATION

    Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. No. 2, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having reviewed the *Complaint* in accordance with 28 U.S.C. § 1915(e), the Court concludes that the action should be dismissed for failure to state a claim upon which relief can be granted.

    This is yet another in a long line of frivolous lawsuits initiated by this plaintiff in this Court. In this case, plaintiff asserts claims for monetary damages against bar associations, the Yale Law School and various educational accrediting agencies, and the United States Department of Education. Although plaintiff's allegations are not entirely clear, it appears that plaintiff is unhappy that he does not have a law degree and a license to practice law in Ohio. Plaintiff specifically refers to Gov. Bar R. Rule 1(B), which requires that a candidate for admission to the practice of law in Ohio must, *inter alia*, have earned a bachelor's degree from an

1

accredited college or university.[1]  The *Complaint,* Doc. No. 1, purports to assert claims under the First Amendment, the False Claims Act, the Due Process Clause, the "Dormant Commerce Clause," and the anti-trust laws, 15 U.S.C. § 13. "The plaintiff is seeking damages from the false claims act to recover for damages done by the regionally refuses to take degrees and credits from nationally school." *Complaint*, p. 5 [sic].

A federal court must dismiss a case filed *in forma pauperis* if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). Although *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (internal quotation marks omitted). Under this "plausibility standard," the well-pleaded facts must permit more than the mere possibility of misconduct, they must show "that the pleader is entitled to relief." *Id*.

Although federal courts have subject matter jurisdiction over general challenges to state bar rules, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 487 (1983), the Court concludes that the *Complaint* fails to state a claim for relief under any of the statutes invoked by plaintiff.  Plaintiff does not allege that, but for the rule in question, he would otherwise have qualified for

---

[1] The *Complaint*, Doc. No. 1, does not allege that plaintiff holds a bachelor's degree from any institution, accredited or otherwise.

admission to practice law in Ohio. *See, e.g., Lombardi, v. Tauro*, 470 F.2d 798 (1st Cir. 1972). Specifically, the *Complaint* does not allege that plaintiff has a bachelor's degree from even an unaccredited institution. Moreover, the *Complaint* does not allege that plaintiff was denied a license to practice law because of his exercise of his First Amendment rights, nor does the *Complaint* allege facts stating a claim under the False Claims Act, 31 U.S.C. §3729. There is no allegation that plaintiff has met the State's standards for a law license, but has been denied that license without due process. Finally, plaintiff's claims under the Commerce Clause and the antitrust laws are, quite simply, unintelligible.[2]

It is therefore **RECOMMENDED** that the action be dismissed for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

---

[2] For example, in support of his claim of monopoly, plaintiff alleges, "The ABA are in gauging in regionally accredited school are in gauging in a monopoly when the they refuses to take national accredited accredits and degrees into their program." *Complaint*, P. 5 [sic].

3

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                  *s/Norah McCann King*
                                  Norah M$^c$Cann King
                    United States Magistrate Judge

December 9, 2013